UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROXANNE CLEMENT-RORICK,<br><br>    Defendant. | Case No. 21-cv-05037-TSH<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 14 |

## I.   INTRODUCTION

Plaintiff Orlando Garcia seeks leave to serve Defendant Roxanne Clement-Rorick by publication in the West County Times. ECF No. 14. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered Garcia's request, the relevant legal authority, and the record in this case, the Court **DENIES** his motion for the following reasons.

## II.   BACKGROUND

Garcia is a California resident with physical disabilities who requires a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. In May 2021 he went to Café Eritrea D'Afrique, located at 4069 Telegraph Ave, Oakland, California. *Id.* ¶ 8. Defendant Roxanne Clement-Rorick, in individual and representative capacity as Trustee of The Rorick Trust dated October 19, 1995, owns the property. *Id.* ¶ 3. On the date of his visit, Garcia found the café did not have wheelchair accessible paths of travel, the ramp that runs up to the entrance did not have a level landing, and the pathway inside the business had a path of travel width of about 33 inches, which is not

accessible for wheelchair users. *Id.* ¶¶ 10-12. Garcia filed this case on June 30, 2021, seeking injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and statutory damages under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Compl. ¶¶ 22-32.

On August 27, 2021, Garcia requested an additional 90 days to complete service upon Clement-Rorick. ECF No. 8. Garcia stated he had been unable to effectuate personal service due to COVID-19 restrictions in the Northern District, but he had recently discovered new information and anticipated that service could be completed shortly. The Court granted Garcia's request and extended the service deadline to November 26. ECF No. 9. However, as of December 1, there had been no further docket activity, and the Court therefore ordered Garcia to file a status report by December 8. ECF No. 10. In response, Garcia filed a "Service Attempts Status Report," which did not provide an updated status but merely attached exhibits showing service attempts through November. ECF No. 12. Although Garcia did not request a further extension or other type of relief, the Court extended the service deadline to January 6, 2022. ECF No. 13.

Garcia filed the present motion on December 30, 2021. He states his counsel searched business and property records and found the following mailing addresses for Clement-Rorick:

- 2640 Silvercrest St., Pinole, Ca 94564-1141
- 1419 Oxford St., Berkeley, Ca 94709

Mot. at 2; Zaman Decl. ¶ 7, ECF No. 14-2. Counsel hired a process service company to serve Clement-Rorick at these addresses, but it was unsuccessful. Zaman Decl. ¶¶ 7-8. Counsel also sent the service company to the address of Clement-Rorick's relative, Naruemon Rorick, at 121 Gary Cir., Vallejo, Ca 94591-8228, to inquire about her whereabouts, but "[t]he attempt to enquire turned futile as the property showed no occupancy or movement." Mot. at 3; Zaman Decl. ¶ 9. Counsel also mailed notices of acknowledgements and receipts to all three addresses, but there has been no response to date. Mot. at 3; Zaman Decl. ¶ 12. Garcia also states he attempted to serve Clement-Rorick by email, Mot. at 4, but he did not provide the email address or a record of any such attempt as part of his motion. Garcia now seeks to serve Clement-Rorick by publication in the West County Times, located at 1050 Marina Way So. Richmond, CA. 94804.

### III. LEGAL STANDARD

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a). The key inquiry is whether a defendant cannot with "reasonable diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation omitted). Before allowing a plaintiff to resort to service by publication, the courts must require him to show "exhaustive" attempts to locate the defendant. *Id.* (citations omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.]" *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "These are likely sources of information, and consequently must be

searched before resorting to service by publication." *Id.*

## IV.   DISCUSSION

The Court finds Garcia has failed to establish reasonable diligence in his attempts to serve Clement-Rorick.  First, Garcia states Clement-Rorick owns Café Eritrea D'Afrique, yet there is no indication he attempted service there, personal or otherwise.  According to the café's website, it is open for business.  *See* https://cafeeritreadafrique.com/.  If Clement-Rorick is the owner of the café, it seems reasonable to attempt service there and learn of her whereabouts by asking employees and others present.  Second, while Garcia states he attempted service by email, he did not provide the email address or a record of any such attempt.  While service by email may help Garcia establish reasonable diligence, the Court is unable to determine whether email notice was provided based on the record before it.  Finally, it is generally recognized that service by publication rarely results in actual notice.  *Watts*, 10 Cal. 4th at 749 n.5.  Thus, the Court will not permit service by such means unless Garcia satisfies his burden of showing exhaustive attempts to locate and serve Clement-Rorick.  *Id.*

## V.   CONCLUSION

For the reasons stated above, the Court **DENIES** Garcia's motion without prejudice.  As this case has been pending for over five months, and the Court has already extended the service deadline twice, the Court shall extend the service deadline (and file proof of service) one final time to February 14, 2022.

**IT IS SO ORDERED.**

Dated: January 14, 2022

THOMAS S. HIXSON
United States Magistrate Judge