United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROXANNE CLEMENT-RORICK,<br><br>　　　　　　Defendant. | Case No. 21-cv-05037-TSH<br><br>**ORDER GRANTING SECOND MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 21 |

## I.　INTRODUCTION

Plaintiff Orlando Garcia seeks leave to serve Defendant Roxanne Clement-Rorick by publication. ECF No. 21. No opposition has been received. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered Garcia's request, the relevant legal authority, and the record in this case, the Court **GRANTS** his motion for the following reasons.[1]

## II.　BACKGROUND

Garcia is a California resident with physical disabilities who requires a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. In May 2021 he went to Café Eritrea D'Afrique, located at 4069 Telegraph Avenue, Oakland, California. *Id.* ¶ 8. Defendant Roxanne Clement-Rorick, as Trustee of The Rorick Trust dated October 19, 1995, owns the property. *Id.* ¶ 3. On the date of his visit, Garcia found the café did not have wheelchair accessible paths of travel, the ramp that runs up to the entrance did not have a level landing, and the pathway inside the business had a

---

[1] On February 22, 2022, the Court ordered Garcia to show cause why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines after he failed to complete service despite multiple extensions of time. ECF No. 16. Based on his response (ECF No. 17) and this order, the order to show cause is discharged.

path of travel width of about 33 inches, which is not accessible for wheelchair users. *Id.* ¶¶ 10-12. Garcia filed this case on June 30, 2021, seeking injunctive relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and statutory damages under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Compl. ¶¶ 22-32.

On August 27, 2021, Garcia requested an additional 90 days to complete service upon Clement-Rorick. ECF No. 8. Garcia stated he had been unable to effectuate personal service due to COVID-19 restrictions in the Northern District, but he had recently discovered new information and anticipated that service could be completed shortly. The Court granted Garcia's request and extended the service deadline to November 26. ECF No. 9. However, as of December 1, there had been no further docket activity, and the Court therefore ordered Garcia to file a status report by December 8. ECF No. 10. In response, Garcia filed a "Service Attempts Status Report," which did not provide an updated status but merely attached exhibits showing service attempts through November. ECF No. 12. Although Garcia did not request a further extension or other type of relief, the Court extended the service deadline to January 6, 2022. ECF No. 13.

On December 30, 2021, Garcia filed his first motion for service by publication, stating that his counsel searched business and property records and found the following mailing addresses for Clement-Rorick:

- 2640 Silvercrest St., Pinole, Ca 94564-1141
- 1419 Oxford St., Berkeley, Ca 94709

First Mot. at 2, ECF No. 14; Zaman Decl. ¶ 7, ECF No. 14-2. Counsel hired a process service company to serve Clement-Rorick at these addresses, but it was unsuccessful. Zaman Decl. ¶¶ 7-8. Counsel also sent the service company to the address of Clement-Rorick's relative, Naruemon Rorick, at 121 Gary Cir., Vallejo, CA 94591-8228, to inquire about her whereabouts, but "[t]he attempt to enquire turned futile as the property showed no occupancy or movement." First Mot. at 3; Zaman Decl. ¶ 9. Counsel also mailed notices of acknowledgements and receipts to all three addresses, but there had been no response. First Mot. at 3; Zaman Decl. ¶ 12. As part of his motion, Garcia stated that he also attempted to serve Clement-Rorick by email, First Mot. at 4, but he did not provide the email address or a record of any such attempt as part of his motion. Garcia

2

1  sought to serve Clement-Rorick by publication in the West County Times, located at 1050 Marina
2  Way So. Richmond, CA. 94804.
3      On January 14, 2022, the Court denied Garcia's first motion, finding he failed to establish
4  reasonable diligence in his attempts to serve Clement-Rorick for two reasons: (1) although
5  Clement-Rorick owns Café Eritrea D'Afrique and the café's website showed that it was open for
6  business, there was no indication he attempted service there, personal or otherwise; and (2) while
7  Garcia stated he attempted service by email, he did not provide the email address or a record of
8  any such attempt.  ECF No. 15; *Garcia v. Clement-Rorick*, 2022 WL 137630, at *2 (N.D. Cal. Jan.
9  14, 2022).  The Court also noted its hesitancy to permit such service because "it is generally
10 recognized that service by publication rarely results in actual notice." *Id.* at *2 (citing *Watts v.
11 Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)).
12     Garcia filed the present motion on March 24, 2022.  In addition to the service attempts
13 above, Garcia states his counsel "conducted an investigation to find out the whereabouts of the
14 Defendant at one of the addresses from the employees who revealed that the Defendant was not
15 employed any more." Vento Decl. ¶ 13, ECF No. 21-2.  Garcia also provided a copy of an
16 investigation report conducted by his investigator, Laketha Parker Rodrigues, who went to the café
17 and reported: "I spoke with an individual who indicated they were the zimam gabreab/owner and
18 they stated subject no longer employed. Subject is unknown." *Id.* ¶ 14 & Ex. 3 ECF No. 21-6.
19 Counsel has been unable to locate any additional addresses for Clement-Rorick.  Vento Decl. ¶ 15.

### III.   LEGAL STANDARD

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).  Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a).  The key inquiry is whether a defendant cannot with "reasonable

3

diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749 n.5 (citation omitted). Before allowing a plaintiff to resort to service by publication, the courts must require him to show "exhaustive" attempts to locate the defendant. *Id.* (citations omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.]" *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.*

If a party can show reasonable diligence, they must also show that a "cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action." Cal. Civ. Proc. Code § 415.50(a)(1). The party must offer "independent evidentiary support, in the form of a sworn statement of facts, for the existence of a cause of action against the defendant." *Cummings v. Brantley Hale*, 2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016) (citing *McNamara v. Sher*, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012)); *see also Zhang v. Tse*, 2012 WL 3583036, at *3 (N.D. Cal. Aug. 20, 2012) (collecting cases).

## IV. DISCUSSION

### A. Reasonable Diligence

Although service by publication is a method of last resort, the Court is satisfied that Garcia is unable to locate a current address for Clement-Rorick, despite reasonable diligence. Without such information, Garcia cannot serve Clement-Rorick by other methods, such as personal service, substitute service, or service by mail. The record indicates that Garcia's counsel has conducted a public records search, hired a process server that attempted service at multiple addresses without success, and located one of Clement-Rorick's relatives and attempted to find her whereabouts through them. After the Court denied his previous motion, Garcia's counsel also conducted an investigation at Café Eritrea D'Afrique but was told Clement-Rorick was no longer employed there. While it is conceivable that Garcia could do more, the Court recognizes that reasonable diligence does not require him to "leave no stone unturned." *Cummings*, 2016 WL 4762208, at *2. Under these circumstances, the Court finds Garcia has made reasonably diligent attempts to locate and serve Clement-Rorick.

### B. Cause of Action or Necessary or Proper Party

Garcia has also demonstrated that he has a claim against Clement-Rorick. Garcia's counsel attests that the firm's investigators were directed to visit the subject property and to inspect and photograph it, and this investigation "confirmed my client's allegations that there were unlawful architectural barriers at the subject business property that violated the Americans with Disabilities Act and the California Unruh Civil Rights Act, as pled in the complaint." Vento Decl. ¶ 3. Garcia also attests that Clement-Rorick owns the real property that is the subject of this action, and he has submitted a Deed of Trust showing this ownership. *Id.* ¶ 5 & Ex. 1 (Deed of Trust), ECF No. 21-3. Thus, the Court finds Garcia has also satisfied this requirement for service by publication. *See Block v. Hernandez Madrigal*, 2021 WL 5991732, at *3 (N.D. Cal. Nov. 4, 2021) (finding plaintiff satisfied the requirement for service by publication where she submitted grant deed that showed defendants owned the subject property).

Accordingly, Garcia's motion for leave to serve Clement-Rorick by publication is granted.

**C.     Method of Service**

As Garcia has satisfied the requirements of section 415.50, he is entitled to effectuate service by publication "in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. Civ. Proc. Code. § 4150.50(b). Garcia states he intends to publish summons in the West County Times. However, as of April 2016, the West County Times stopped publishing and became part of the East Bay Times. *See* https://www.eastbaytimes.com/; https://www.mondotimes.com/1/world/us/5/11470/33118; https://en.wikipedia.org/w/index.php?title=West_County_Times&redirect=no (redirecting to East Bay Times page, https://en.wikipedia.org/wiki/East_Bay_Times). Both this Court and others have found the East Bay Times is a newspaper that is most likely to give actual notice. *See Macias v. Fasail*, 2020 WL 2542028, at *4 (N.D. Cal. May 19, 2020) (granting motion for service by publication in East Bay Times once a week for four weeks); *United States v. Benson*, 2019 WL 6612246, at *3 (N.D. Cal. Dec. 5, 2019) (same). Therefore, the Court finds that the East Bay Times is a proper newspaper for publication of service.

## V.     CONCLUSION

Based on the analysis above, Garcia's motion for leave to serve Clement-Rorick by publication is **GRANTED** as follows:

1. Good cause appearing, the Court extends the deadline for service of process on Clement-Rorick to June 3, 2022. Fed. R. Civ. P. 4(m).

2. Publication shall be made in the East Bay Times once per week for four successive weeks. *See* Cal. Civ. Proc. Code § 415.50(c); Cal. Gov't Code § 6064.

3. If Clement-Rorick's address is ascertained prior to the expiration of the time prescribed for publication of the summons, a copy of the summons and complaint and of this order for publication shall immediately be served on her. This order does not preclude service upon Clement-Rorick in any other manner specified in the California Code of Civil Procedure sections 415.10 through 415.30.

4. Garcia must mail a copy of this order, addressed to Roxanne Clement-Rorick, to the following addresses:

6

- 4069 Telegraph Avenue, Oakland, CA 94609
- 2640 Silvercrest St., Pinole, CA 94564-1141
- 1419 Oxford St., Berkeley, CA 94709
- 121 Gary Cir., Vallejo, CA 94591-8228

After mailing, Garcia shall file proof of service.

**IT IS SO ORDERED.**

Dated: April 19, 2022

THOMAS S. HIXSON
United States Magistrate Judge